**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KAHLIL WILSON,  :
 : Civil Action No. 10-202 (NLH)
      Plaintiff, :
 :
 :
   v. : **OPINION**
 :
ATLANTIC COUNTY DYFS, et al., :
 :
      Defendants. :

**APPEARANCES:**

    KAHLIL WILSON, Plaintiff pro se
    # 180431
    Atlantic County Jail
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**HILLMAN**, District Judge

    Plaintiff, Kahlil Wilson, a state inmate confined at the Atlantic County Jail in Mays Landing, New Jersey, at the time he submitted this Complaint, seeks to bring this action in forma pauperis. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

Plaintiff, Kahlil Wilson ("Wilson"), brings this civil action against the named defendants, the Atlantic County Division of Youth and Family Services ("DYFS"), and Judge Baker, Atlantic County Family Court.  (Complaint, Caption, ¶ 3b).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Wilson alleges that, on or about April 28, 2009, he was arrested and charged with a domestic violence offense against Andra Sphivens, with whom he has a son.  Wilson also states that his wife, Jocelyn Wilson, has four (4) children, only one of which, an 11 month-old boy, was fathered by plaintiff.  Wilson alleges that on the day he was arrested and charged, the fathers of his wife's three other children filed for emergent custody, which apparently was granted by the Atlantic County DYFS.  Wilson further alleges that DYFS told his wife that she had to sign an order to keep plaintiff out of the house and away from the children, including plaintiff's own son.  The order was signed by

2

Judge Baker, and is in effect for six months.  (Compl., Statement of Claims at ¶4).

Wilson states that he used to watch his wife's children while she was working.  It appears that he is concerned that the restraining order barring him from seeing the children, and his jail confinement have caused his family to suffer an economic hardship due to his wife's loss of her job and their inability to pay the bills and mortgage.

The Complaint appears to allege a claim that plaintiff was denied the opportunity to contest the restraining order, and that his rights as a parent were taken from him without due process.  Wilson seeks $2.5 million in damages.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an

§ 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S.

4

at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

5

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see

also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

Still, pro se complaints are generally held to less stringent standards, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment unless it finds bad faith, undue delay, prejudice or futility. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

### III.  <u>SECTION 1983 ACTIONS</u>

It would appear that Wilson is bringing this action pursuant to 42 U.S.C. § 1983, because he is asserting a violation of due process concerning the restraining order issued against him. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### III. ANALYSIS

A. Judicial Immunity

    As a general rule, a judicial officer in the performance of his or her duties has absolute immunity from suit. Mireless v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L. Ed.2d 9 (1991). This immunity extends to judges of courts of limited jurisdiction, such as New Jersey municipal court judges. Figueroa v. Blackburn, 39 F. Supp.2d 479, 484 (D.N.J. 1999), aff'd, 208 F.3d 435, 441-43 (3d Cir. 2000). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L. Ed.2d 331 (1978). Judicial immunity serves an important function in that it furthers the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mireless, 502 U.S. at 11.

    Courts have repeatedly emphasized the extensive scope of judicial immunity, holding that immunity applies "'however injurious in its consequences [the judge's action] may have

9

proved to the plaintiff'." Gallas v. Supreme Court, 211 F.3d 760, 769 (3d Cir. 2000)(quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). "Disagreement with the action taken by the judge ... does not justify depriving that judge of his immunity.... The fact that the issue before the judge is a controversial one is all the more reason that he should be able to act without fear of suit." Stump, 435 U.S. at 363-64. Further, highlighting its expansive breadth, the court explained "the public policy favoring the judicial immunity doctrine outweighs any consideration given to the fact that a judge's errors caused the deprivation of an individual's basic due process rights." Figueroa, 39 F. Supp.2d at 495. Thus, allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. See Forrester v. White, 484 U.S. 219, 227 (1988).

There are two circumstances, however, where a judge's immunity from civil liability may be overcome. These exceptions to the doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity. The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. Id.; see also Figueroa, 208 F.3d at 440. The second exception involves actions that, though judicial in nature, are taken in the complete absence of

all jurisdiction.  <u>Mireless</u>, 502 U.S. at 11; <u>Figueroa</u>, 208 F.3d at 440.  Neither exception is applicable in the present case.

Here, Wilson fails to assert any allegations against Judge Baker that would show that he acted outside his judicial capacity.  Wilson's allegations pertain to Judge Baker's presiding over a family court proceeding involving custody issues and a restraining order against plaintiff based on a domestic violence offense.  The family court proceeding was in a state court, and the restraining order was issued, enjoining Wilson from contact with his children for six months.  These allegations clearly involve only court-related matters occurring during those state court proceedings.  Consequently, Wilson has failed to allege any actionable claim against this judicial defendant.  There simply are no allegations to suggest that Judge Baker acted beyond the scope of his judicial authority, or in the complete absence of all jurisdiction.  Therefore, Judge Baker is absolutely immune from liability, and this Complaint must be dismissed with prejudice, in its entirety, as against this defendant.

B.  <u>Claim Against Atlantic County DYFS</u>

Finally, it appears that Wilson is attempting by this lawsuit to make an "end run" around the judgment or restraining order entered against him.  His Complaint names the Atlantic County DYFS as a defendant, and the Court presumes that Wilson is

11

alleging that the custody issue and restraining order were prosecuted by DYFS sometime after his April 28, 2009 arrest on a domestic violence charge.

To the extent that Wilson wishes to challenge that judgment or order, his recourse is properly made by direct appeal in state court.  This Court lacks jurisdiction to hear an appeal of Wilson's state court civil judgment, pursuant to the Rooker-Feldman Doctrine.[3]

"Under the Rooker-Feldman doctrine, a district court ... lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling."  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006).  This doctrine is a narrow one, and "applies only to cases brought by (1) state-court losers (2) complaining of injuries caused by state court judgments (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments."  Id.

More simply stated, Rooker-Feldman bars a federal proceeding when "entertaining the federal claim would be the equivalent of an appellate review" of the state judgment. Allah v. Whitman, No. 02-4247, 2005 WL 2009904, at *4 (D.N.J. Aug. 17, 2005)(quoting FOCUS v. Alleghany County Court of Common Pleas, 75

---

[3] Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, (1983).

12

F.3d 834, 840 (3d Cir. 1996)).  Thus, a cause of action asserted in federal court that ultimately seeks to vacate the decision or reasoning of a state court is barred under Rooker-Feldman. Desi's Pizza, Inc. V. City of Wilkes-Barre, 321 F.3d 411, 419-20 (3d Cir. 2001)(Rooker-Feldman bars those claims that "[are] inextricably intertwined with [the] state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong.").

    This Court finds that the Rooker-Feldman doctrine applies here to bar this claim by plaintiff.  First, Wilson admittedly lost in a New Jersey state court proceeding which resulted in the issuance of a temporary restraining order preventing Wilson from seeing his son.  Second, this New Jersey state court adjudication against Wilson occurred before he filed this action in federal court.  Finally, Wilson is essentially asking this Court to review and reject the state court adjudication against him. Clearly then, Plaintiff's purported claim for money damages against Atlantic County DYFS for allegedly keeping plaintiff away from his son, is "inextricably intertwined" with a 2009 temporary restraining order issued against plaintiff by a New Jersey state court, because such claim amounts to nothing more nor less than a "prohibited appeal" from the decision of the New Jersey state court.  Therefore, this Court does not have subject matter jurisdiction over Wilson's claims under the Rooker-Feldman doctrine, and the Complaint must be dismissed accordingly.

IV.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed with prejudice, as against all named defendants, for failure to state a claim and based on judicial immunity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2). An appropriate order follows.


/s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

Dated: May 26, 2010

At Camden, New Jersey